GEORGE N. BLACK *vs.* WILLIAM W. ROGERS.

Penobscot.　Decided December 27, 1878.

*Promissory notes.　Attestation.*

Whether an attestation upon the face of a note should apply to a signature upon the back of it, unless the attestation clause expressly so states, *quære.*

ON MOTION of plaintiff to set aside the verdict against him, on the ground that it was against law and evidence.

ASSUMPSIT, on a note dated Ellsworth, March 15, 1859, signed Nathaniel Moor ; attest, Isaac A. Murch, and of the following tenor : " Value received I promise to pay G. N. Black, or order, fifty dollars, in six months from date, and interest." The defendant's name was written on the back of the note. There was also indorsed a payment of ten dollars, under date of May 8, 1860.

The plaintiff and the subscribing witness testified that the defendant's name was written at the same time the witness signed. The defendant testified that in his settlement with Murch it was agreed that Murch should pay the amount of this note to Black ; that sometime after the note was written he signed on the back, as surety for six months. Nathaniel Moor testified that he had charged against Black, from July 20, 1859, to January 14, 1862, $20.65, understanding that all the rest of the charges were to go towards payment of the note, as well as the $10 charge indorsed ; that the note was written by Black and handed to the witness to get Rogers' name on as surety ; that witness signed it ; that Rogers signed it in witness' office ; that witness handed the note to Black in Hopkins' store ; that Rogers was merely surety, and that he had no recollection that Murch signed as witness to either signature.

*F. A. Wilson & C. F. Woodard,* for the plaintiff.

*C. P. Stetson,* for the defendant.

WALTON, J. We do not feel quite clear that an attestation upon the face of a note should be held to apply to a signature upon the back of it, unless the attestation clause expressly so

states. But, however that may be, we do not think the verdict is so clearly against the weight of evidence as to justify us in setting it aside.

*Motion overruled. Judgment on the verdict.*

APPLETON, C. J., BARROWS, DANFORTH and LIBBEY, JJ., concurred.